Yolanda POOLE, Appellant–
Plaintiff/Counterclaim
Defendant,

v.

TOM NAQUIN CHEVROLET NISSAN,
INC. and Jet Leasing, Inc., Appellees–
Defendants/Counterclaimants.

No. 71A03–0706–CV–259.

Court of Appeals of Indiana.

April 16, 2008.

Rehearing Denied June 11, 2008.

Stephen G. Drendall, South Bend, IN, Attorney for Appellant.

Chet Zawalich, The Law Office of Chet Zawalich, South Bend, IN, Attorney for Appellees.

## OPINION

BAILEY, Judge.

### Case Summary

Plaintiff/Counterclaim Defendant Yolanda Poole ("Poole") appeals after she was awarded minimal statutory damages of $1,500 plus attorney fees upon her claims for fraud, breach of contract, and violation of the Motor Vehicle Information and Cost Savings Act [1] ("the Odometer Act") against Defendants/Counterclaimants Tom Naquin Chevrolet Nissan, Inc. ("Naquin") and Jet Leasing, Inc. ("Jet Leasing"). We reverse and remand.

### Issues

Poole presents two issues for review:

I. Whether the award of minimal statutory damages is inadequate because the trial court erroneous-ly determined that Poole failed to prove actual damages; and

II. Whether the attorney's fees portion of the judgment should be payable directly to Poole's attorney, so as to avoid the set-off ordered for an unpaid judgment against Poole held by Jet Leasing.

### Facts and Procedural History

In July of 2001, Poole's stepson, Kinsey Poole, Jr. ("Kinsey"), purchased a 1994 Cadillac from Naquin for $10,545.02 and obtained financing through subsidiary Jet Leasing.[2] The odometer disclosure statement indicated mileage of 132,781. During Kinsey's possession of the vehicle, it experienced numerous problems. One repair involved replacement of the dashboard including the electronic panel and odometer. Contemporaneous with a request to borrow money for repairs, Kinsey advised Naquin salesman Frank Johnston ("Johnston") of the dashboard replacement. By 2003, Kinsey was in default on the loan, having missed several weekly payments, and Jet Leasing had threatened repossession of the vehicle.

On April 1, 2003, Poole entered into a contract to purchase the 1994 Cadillac from Naquin. She agreed to pay the sum of $11,746.05, which represented the balance due, with accumulated interest, on Kinsey's loan from Jet Leasing. At that time, the odometer on the Cadillac indicated that the mileage was 109,333. Johnston provided an odometer disclosure statement to Poole stating that the vehicle had 109,333 miles but did not check the appropriate box indicating that the mileage was incorrect. (Pl.Ex.16.)

---

1. 49 U.S.C. § 32701 et seq.

2. Naquin general sales manager Gregory Fink testified that Jet Leasing is a separate company from Naquin but described the relationship as "co-existing" and agreed that the companies "pretty much work together hand in glove all the time." (Tr. 136.)

Kinsey came into Naquin's office and signed a blank certificate of title. When Naquin staff completed the certificate of title, they failed to provide correct mileage information. Poole experienced problems obtaining title to the Cadillac, because it had previously been registered with the BMV with higher mileage. After Poole returned to Johnston with this concern, Naquin offered no revised paperwork or price adjustment. Poole was advised to drive the Cadillac until the mileage reached 132,781 and bring it back for trade.

Poole drove the Cadillac for approximately one year, using the existing license plate. However, Poole was never able to obtain a new license plate or title to the vehicle. On January 17, 2005, Poole's attorney sent the following letter to Naquin:

> We have been contacted by Yolanda Poole who purchased a 1994 Cadillac from you on April 1, 2003. At the time of the sale you provided an odometer disclosure statement which indicated there were 109,333 miles on the car. Subsequently it was learned that the actual mileage was 132,000. As a result of this problem, Ms. Poole was not able to get a title to the car from the Bureau of Motor Vehicles.
>
> Please consider this a formal demand for return of the monies paid by Ms. Poole and a cancellation of the contract. If you refuse to do this, Ms. Poole will consider her legal remedies for your provision of the false odometer statement.

(Pl.Ex.3) Poole ceased making payments on the Cadillac, and Jet Leasing repossessed it.

On February 24, 2005, Poole filed a complaint against Naquin and Jet Leasing, alleging fraud, breach of contract, and violation of the Odometer Act. On July 28, 2005, Naquin and Jet Leasing filed an Answer and Counterclaim. The counterclaim alleged that Poole financed the purchase of the 1994 Cadillac, failed to make monthly payments of $366.93, and owed a contract balance of $8,984.29. Naquin and Jet Leasing also filed a third-party complaint against Kinsey.

On January 23, 2007, the St. Joseph Superior Court conducted a trial on the complaint, counterclaim, and third-party complaint against Kinsey. A judgment for Poole was entered on January 26, 2007. The trial court found that the contract for the Cadillac was "procured through fraud," Poole had paid an "inflated sum" and Poole had "made an unsophisticated attempt to rescind the contract and return the Cadillac" but was dissuaded from doing so by Naquin's promise of future "ameliorative actions." (App.8–9.) The trial court declared the contract for sale void and denied Naquin and Jet Leasing recovery upon their counterclaim or third-party claim. (App.8.) The trial court concluded that Poole was entitled to judgment upon her complaint, but awarded her only $1,500 and attorney's fees, reasoning, "Plaintiff has not proven damages beyond the statutory minimum [under the Odometer Act] and her attorney fees." (App.8.)

On February 23, 2007, Naquin and Jet Leasing filed a Motion for Credit or Setoff of Judgment. On February 26, 2007, Poole filed a Motion to Correct Error. The trial court allowed set-off of a $6,669.11 judgment against Poole (related to the purchase of a 2001 Grand Prix) and denied the Motion to Correct Error. Poole now appeals.

### Damages

Poole contends that the damages award is inadequate because she proved actual damages pursuant to the Odometer Act and is entitled to trebling of that amount.

■ The Odometer Act is designed to prohibit tampering and to compensate persons victimized by tampering. *Stepp v. Duffy*, 654 N.E.2d 767, 772 (Ind.Ct.App. 1995), *trans. denied.* Automobile dealers have an affirmative duty to discover defects and provide written disclosure to the buyer of the cumulative odometer mileage or state that the actual mileage is unknown. *Id.* In an action based upon fraud for violation of the Odometer Act, the plaintiff must prove such a violation by a preponderance of the evidence. *Id.* "Actual damages" are not defined in the Odometer Act, but are given a meaning commonly applied to fraud cases. *Id.* at 774. This is the difference in value between the amount paid (not the value of the vehicle if it had been as represented) and the fair market retail value of a vehicle of the type purchased with the number of miles actually traveled by the car, together with outlays legitimately attributable to the acts of defendants. *Id.*

■ The trial court found that Poole met her burden of showing fraudulent intent, but not actual damages, and awarded her $1,500 plus attorney's fees pursuant to 49 U.S.C.A. § 32710, which provides:

(a) A person that violates this chapter or a regulation prescribed or order issued under this chapter, with intent to defraud, is liable for 3 times the actual damages or $1,500, which is greater.

(b) A person may bring a civil action to enforce a claim under this section in an appropriate United States district court or in another court of competent jurisdiction. The action must be brought not later than 2 years after the claim accrues. The court shall award costs and a reasonable attorney's fee to the person when a judgment is entered for that person.

The evidence of record related to the Cadillac's value is sparse. Apparently, the Cadillac was never appraised or valued with reference to generally accepted documentary sources. Johnston testified that the price paid for the Cadillac was not related to market price, but rather to the amount Kinsey still owed on the 2001 loan. Poole and her husband, Kinsey Poole, Sr., each testified that when they confronted Johnston about the title problem shortly after the sale, he refused to take back the vehicle and opined that it "was worth no more than $3,000." (Tr. 68.) Undisputedly, Poole had agreed to pay in excess of market value for the Cadillac. She contends that this difference between purchase price and fair market value—$11,746.05 minus $3,000—represents her actual damages to be trebled.

■ Naquin and Jet Leasing complain that Poole presented no expert testimony. However, the Odometer Act provisions do not require expert testimony to prove actual damages. *See Nigh v. Koons Buick Pontiac GMC, Inc.*, 143 F.Supp.2d 535 (E.D.Va.2001) (observing that expert testimony is not necessary to prove a claim under the Odometer Act). Poole and her husband testified without objection that Johnston, an employee of a dealership selling over 1,000 vehicles per year, opined shortly after the sale that the Cadillac purchased for $11,746.05 was worth only $3,000. We conclude that the evidence of record establishes that Poole sustained actual damages of $8,746.05.[3] She is entitled to have this amount trebled, yielding a

3. As to Poole's claim for $2,129.57 in automobile repairs, we agree with the trial court that Poole did not show they were related to the increased mileage or "legitimately attribut-able" to an act of Naquin. *See Beachy v. Eagle Motors, Inc.*, 637 F.Supp. 1093 (N.D.Ind.1986).

judgment of $26,238.15. She is also entitled to the attorney's fees of $7,060. Therefore, we need not address the second issue. Any concern that inadequate judgment funds are available after offset have been obviated.

We reverse and direct the trial court on remand to enter judgment for Poole in the amount of $26,238.15 plus $7,060 attorney's fees (subject to the judgment setoff previously ordered).

Reversed and remanded.

NAJAM, J., and CRONE, J., concur.